*239
 
 By the
 
 Court.
 

 This is
 
 essentially a controversy between preferred stockholders on one hand and owners of common stock on the other. The storm center is the following paragraph of the articles of incorporation:
 

 “That the stockholders of the preferred stock shall not be entitled to vote at any meeting of the stockholders of the company unless default shall have been made in the payment of a dividend upon the preferred stock for one year, in which event and so long as any such default shall continue thereafter, the holders of preferred stock shall be entitled to the same voting power as the holders of the common stock.”
 

 The only question requiring discussion by this court is the import of the clause “the same voting power as the holders of the common stock.”
 

 Counsel have filed extensive briefs citing many authorities. However, the problem is relatively simple. It is agreed that dividends on the preferred stock were in default for more than one year, and that the holders of preferred stock are entitled to the benefit of the above quoted provisions. Likewise, it is agreed that the number of outstanding shares of common stock is substantially 89.04 times the number of preferred shares.
 

 The relator contends that the provision in question impliedly contemplates stockholders as groups rather than as individuals. He insists that after default in the payment of dividends on the preferred stock, the voting power of the preferred stockholders
 
 as a group
 
 becomes equal to that of the holders of common stock
 
 as a group.
 
 In other words, the holders of the less numerous outstanding preferred shares of stock become entitled,
 
 as a group,
 
 to cast an increased total number of votes exactly equal to the number of outstanding common shares.
 

 In the absence of restriction to the contrary, a stock
 
 *240
 
 holder is entitled to
 
 one
 
 vote for
 
 each
 
 share held by him; and this is the rule irrespective of whether his stock be preferred or common.
 
 State, ex rel. Chapman,
 
 v.
 
 Urschel,
 
 104 Ohio St., 172, 135 N. E., 630. It is apparent that the incorporators of the Aetna Rubber Company intended to deprive the preferred stockholders of this right or power to vote so long as there was no default in the payment of a dividend. No fault can be found with this. Then in the event of such default the preferred stockholders were simply to have this right or power of voting restored,
 
 i. e.
 
 the right or power to cast one vote for each share of their stock. Nor can any fault be found with this. The relator strenuously attempts to make a technical distinction between the
 
 right
 
 to vote and the
 
 power
 
 to vote, but a study of the articles of incorporation discloses nothing to indicate that the incorporators intended to use these common words in other than their common acceptation.
 

 The Court of Appeals was therefore correct in holding that under the circumstances the preferred stockholders were entitled to cast one rather than 89.04 votes for each share held, and that the special meeting was not adjourned as contended by the relator. The judgment denying the writ of
 
 quo warranto
 
 is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman and Myers, JJ., concur.